IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| ALANNA JANE CALDARELLA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 22-00795-CV-W-MDH-SSA |
| | ) |
| KILOLO KIJAKAZI, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Plaintiff Alanna Caldarella's appeal of Defendant Social Security Administration Commissioner's denial of her application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ *et. seq*. Plaintiff exhausted administrative remedies and the matter is now ripe for judicial review. After carefully reviewing the record, the Court finds that the administrative law judge's (ALJ) decision is based on substantial evidence and the decision is **AFFIRMED**.

## BACKGROUND

Plaintiff's initial application for disability benefits insurance under Title II of the Social Security Act was denied. Plaintiff appealed this denial to an ALJ. Following an administrative hearing, the ALJ found, in a decision issued August 13, 2019, that Plaintiff was not disabled for purposes of her benefits application. The Appeals Council thereafter found the ALJ erred regarding Plaintiff's date of last insured, but otherwise affirmed the decision. Plaintiff then appealed to this Court, which, on September 9, 2021, remanded the ALJ's decision pursuant to Defendant's own Motion to Remand under sentence four. After a second administrative hearing, an ALJ, on October

1

4, 2022, again reached the conclusion that Plaintiff is not disabled for purposes of her disability benefits insurance application. The ALJ's denial is Defendant's final decision, over which this Court has jurisdiction.

Plaintiff protectively filed her benefits application June 25, 2018. Plaintiff alleged disability beginning January 1, 2018 as a result of Chiari malformation, fibromyalgia, arthritis in the knees, vertigo, dizziness, inability to sit or stand for a period of time, chronic neck and back pain, memory issues, cognitive thinking issues, and anxiety. The ALJ found, *inter alia*, Plaintiff has the severe impairments of fibromyalgia; degenerative disc disease; degenerative joint disease of the knees; Chiari malformation, status-post surgical repair; arthritis and tendon tear of the right rotator cuff, status-post repair; and chronic pain syndrome. Plaintiff also suffered non-severe impairments of antiphospholipid antibody syndrome and tinnitus. The ALJ concluded that Plaintiff has the residual functioning capacity ("RFC") to perform the full range of "light work" as described in 20 CFR 404.1567(b), without additional limitation. The ALJ determined Plaintiff's impairments do not preclude Plaintiff from performing her past occupation as a pre-certification specialist insurance clerk. The ALJ, therefore, concluded Plaintiff has not suffered a disability for purposes of Plaintiff's application for Social Security benefits between January 1, 2018 and the date of the ALJ's decision, October 4, 2022.

**STANDARD**

Judicial review of the Commissioner's decision is a limited inquiry into whether substantial evidence supports the findings of the Commissioner and whether the correct legal standards were applied. *See* 42 U.S.C. §§ 405(g), 1383(c)(1)(B)(ii)(3). Substantial evidence is less than a preponderance of the evidence and requires enough evidence to allow a reasonable

person to find adequate support for the Commissioner's conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Freeman v. Apfel*, 208 F.3d 687, 690 (8th Cir. 2000). This standard requires a court to consider both the evidence that supports the Commissioner's decision and the evidence that detracts from the decision. *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008). That the reviewing court would come to a different conclusion is not a sufficient basis for reversal. *Wiese v. Astrue*, 552 F.3d 728, 730 (8th Cir. 2009). Rather, "[i]f, after review, we find it possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, we must affirm the denial of benefits." *Id.* (quoting *Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996)).

Courts "defer heavily to the findings and conclusions of the Social Security Administration" and will disturb the Commissioner's decision only if it falls outside the "zone of choice." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010); *Casey v. Astrue*, 503 F.3d 687, 691 (8th Cir. 2007). Incorrect application of a legal standard is grounds for reversal, *Ford v. Heckler*, 754 F.2d 792 (8th Cir. 1985), but the Court defers to the ALJ's determinations of the credibility of witness testimony, as long as the ALJ's determinations are supported by good reasons and substantial evidence. *Pelkey v. Barnhart,* 433 F.3d 575, 578 (8th Cir. 2006). Finally, while a deficiency in opinion writing is not enough to merit reversal where it has no practical effect on the outcome, incomplete analyses, inaccuracies, and unresolved conflicts of evidence may be a basis for remand. *Reeder v. Apfel*, 213 F.3d 984, 988 (8th Cir. 2000).

## DISCUSSION

Plaintiff contends that the ALJ erred because the ALJ rejected all three medical opinions of record as to Plaintiff's functional limitations. Defendant does not appear to contest this point, but instead argues that the ALJ's decision is nonetheless proper because the ALJ, following 2017

amendments to relevant regulations, is not required to give deference to opinions of treating physicians vis-à-vis other medical record evidence. *See Austin v. Kijakazi*, 52 F.4th 723, 728 (8th Cir. 2022) ("Under the revised regulations, 'treating physicians are [no longer] entitled to special deference.'") (citing 20 CFR § 404.1520c(a)). While this may be true, this does not absolve the ALJ's responsibility to base an RFC determination on some medical evidence that specifically speaks to Plaintiff's capacity to function in the workplace. *See Combs v. Berryhill*, 878 F.3d 642, 646 (8th Cir. 2017) ("Because a claimant's RFC is a medical question, an ALJ's assessment of it must be supported by some medical evidence of the claimant's ability to function in the workplace…The ALJ may not simply draw his own inferences about plaintiff's functional ability from medical reports.") (citations omitted). "There is no requirement that an RFC finding be supported by a specific medical opinion." *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016).

In the present matter, a close review of the record evidence shows the ALJ has based her determination of Plaintiff's RFC on medical records that specifically speak to Plaintiff's ability to function in the workplace. The ALJ provided an adequate description of why she found the opinion evidence of Drs. Steven Akeson, Judee Bland, and Maggie Ngar unpersuasive. The ALJ noted Dr. Akeson's opinion as to Plaintiff's mental health condition is "not entirely persuasive" in part because Dr. Akeson's diagnosis of a "non-severe neurocognitive disorder" is inconsistent with record evidence as a whole, particularly Plaintiff's self-reports of her mood and Plaintiff's work history, which includes some accounting and rent collecting for an apartment complex Plaintiff owned with her husband. (Tr. 894-95). Dr. Bland's opinion was likewise "not entirely persuasive" for the ALJ because, in part, Dr. Bland's findings were equivocal and because it reflected medical record evidence only through October 2018, a limited period given the broader timeframe of Plaintiff's alleged disability. (Tr. 895). Dr. Ngar's opinion proved "not generally persuasive"

4

because, in part, it was at odds with Dr. Ngar's own treatment of Plaintiff and consisted of a check box form with minimal narrative explanation. (Tr. 895). The ALJ also adequately described how the opinion of Dr. Alan Scharrer was unhelpful because, though he supported Plaintiff's benefits application, his opinion failed to address Plaintiff's workplace functioning.[1]

The ALJ then describes the medical record evidence that led her to determine the Plaintiff's RFC. Cited evidence includes medical records and Plaintiff's hearing testimony that speak to Plaintiff's ability to complete specific workplace tasks associated with light work, like lifting a certain weight and walking for prolonged periods. (Tr. 899). *See* 20 CFR § 404.1567(b) (defining light work to include, *inter alia*, lifting up to twenty pounds and a "good deal" of walking or standing). The ALJ's reasoning also emphasized the frequency of Plaintiff's treatment, observing only "intermittent treatment" from the alleged onset date, except for a limited period in early 2019 that involved more regular treatment for a shoulder impairment. The ALJ also thoroughly considered Plaintiff's administrative hearing testimony, in which Plaintiff relayed that she continued to manage a three-building apartment complex Plaintiff owned with her spouse until at least August 2021. This management included certain tasks like rent collection from tenants and accounting. The ALJ also considered Plaintiff's testimony as to regularly completing household chores and traveling both in and outside Missouri, including to Florida and Georgia. Collectively, evidence cited by the ALJ demonstrates that, while the ALJ may have found opinion evidence generally unpersuasive, evidence as to Plaintiff's specific workplace functioning was considered in formulating Plaintiff's RFC.

---

[1] The ALJ's full discussion as to why the medical opinion evidence is generally unpersuasive also shows Plaintiff's argument that the ALJ failed to adequately discuss supportability and consistency is unpersuasive. The ALJ adequately described her reasoning for discounting the opinion evidence vis-à-vis the broader record evidence as required by regulation 20 CFR § 404.1520c(b)(2).

Plaintiff also contends that the RFC is flawed because it lacks any special functioning limitations corresponding to conditions, like degenerative disc disease and degenerative joint disease of the knees, the ALJ found to be severe. This argument, however, also proves unpersuasive. As discussed before, the ALJ's RFC included a thorough discussion as to the various types of evidence considered, including Plaintiff's hearing testimony as to her daily functioning and medical records as a whole. This evidence, including medical records and testimony, speaks directly to Plaintiff's workplace functioning. This indicates that, contrary to Plaintiff's assertion, the ALJ's RFC determination is supported by substantial evidence. *Culbertson v. Shalala*, 30 F.3d 934, 939 (8th Cir. 1994) ("review in this regard is limited to determining whether the second ALJ's decision is supported by substantial evidence on the record as a whole").

Finally, Plaintiff's argument that the ALJ erred by not considering whether Plaintiff is entitled to a closed period of disability is unpersuasive. Though somewhat unclear, Plaintiff's argument appears premised on the idea that the ALJ herself found Plaintiff capable of less than a full range of sedentary work from the alleged onset date until August 2019. Plaintiff provides no citation to the ALJ's opinion in support of this contention. The Court can find no part of the ALJ's opinion that would support such a conclusion. No part of the record suggests the ALJ has erred by failing to consider whether Plaintiff is entitled to a closed period of disability between the alleged onset date and August 2019.

## CONCLUSION

For the reasons set forth herein, the Court finds there is substantial evidence in the record as a whole to support the ALJ's determination. Accordingly, the Commissioner's decision denying benefits to Alanna Caldarella is **AFFIRMED**.

**IT IS SO ORDERED.**

Dated: March 28, 2024                                              /s/ Douglas Harpool
                                                                   **DOUGLAS HARPOOL**
                                                                   **United States District Judge**